UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO,

Petitioner,

v.

45th STREET HOTEL LLC d/b/a NIGHT HOTEL BY SB at TIMES SQUARE, SOHO BOUTIQUE TIMES SQUARE LLC d/b/a NIGHT HOTEL BY SB at TIMES SQUARE, jointly and severally,

Respondent.

Civil Action No.

**MEMORANDUM OF LAW IN SUPPORT OF UNION PETITION TO CONFIRM LABOR ARBITRATION AWARD**

PITTA LLP
Michael Bauman
(mbauman@pittalaw.com)
Barry N. Saltzman
(bsaltzman@pittalaw.com)
120 Broadway, 28th Floor
New York, NY 10271
Telephone: 212-652-3890
Facsimile: 212-652-3891

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

FACTS ..... 1

ARGUMENT ..... 5

I. THE AWARD SHOULD BE CONFIRMED AS DRAWING ITS ESSENCE FROM THE IWA ..... 5

A. The Award On Its Face Meet Every Standard for Confirmation ..... 5

B. Having Failed to Timely Move to Vacate, The Hotel May Not Belatedly Oppose The Award Now ..... 9

II. THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST ..... 10

III. THE COURT SHOULD AWARD POST-JUDGMENT INTEREST ..... 11

CONCLUSION ..... 12

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Alphonse Hotel Corp. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 2004 WL 414836 (S.D.N.Y. Mar. 5, 2004) .......... 8

*Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286 (S.D.N.Y. 2010) .......... 11

*Florasynth, Inc. v. Pickholz*, 750 F. 2d 171 (2d Cir. 1989) .......... 10

*Hotel Ass'n of N.Y. City, Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 1996 WL 393562 (S.D.N.Y. July 15, 1996) .......... 7

*In re Arbitration Between Millicom Int'l V N.V. & Motorola, Inc., Proempres Panama, S.A.*, 2002 WL 472042 (S.D.N.Y. Mar. 28, 2002) .......... 6

*Lewis v. Whelan*, 99 F.3d 542 (2d Cir. 1996) .......... 11

*Local 38, Sheet Metal Workers Int'l Ass'n v. Duct Works Inc.*, 2006 WL 36763 (S.D.N.Y. Jan. 4, 2006) .......... 10

*Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85 (2d Cir. 1998) .......... 9

*Local 2006, Retail, Wholesale & Dep't Store Union, United Food & Commercial Workers v. Basic Wear, Inc.*, 2016 WL 7469621 (S.D.N.Y. Dec. 28, 2016) .......... 10, 11

*Local Union No. 1 v. JPP Plumbing, LLC.*, 2014 WL 1311934 (S.D.N.Y. Mar. 27, 2014) .......... 10

*Mandarin Oriental Mgmt., (USA) Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 2014 WL 345211 (S.D.N.Y. Jan. 31, 2014) .......... 7

*Matter of N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Ass'n of N.Y. City, Inc.*, 1993 WL 485560 (S.D.N.Y. Nov. 24, 1993) .......... 7, 8, 9

*N.Y. City & Vicinity Dist. Council of United Bhd. of Carpenters & Joiners of Am. v. Ass'n of Wall-Ceiling & Carpentry Indus. of N.Y.*, Inc., 826 F.3d 611 (2d Cir. 2016) .......... 5, 9

{00685973-4}

*N.Y. City Dist. Council of Carpenters Pension Fund v. B&A Interiors, Ltd.*, 2009 WL 233969 (S.D.N.Y. Jan. 22, 2009) .......... 10

*N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Nikko of N.Y., Inc.*, 1991 WL 168284 (S.D.N.Y. Aug. 22, 1991) .......... 8

*Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527 (2d Cir. 2016) .......... 6, 9

*Neshgold LP v. New York Hotel & Motel Trades Council, AFL-CIO*, 2013 WL 5298332 (S.D.N.Y. Sept. 19, 2013) .......... 6, 7

*New York City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, 2012 WL 4492384 (S.D.N.Y. Sept. 28, 2012) .......... 11

*Pitta v. Hotel Ass'n of N.Y. City, Inc.*, 806 F.2d 419 (2d Cir. 1986) .......... 7

*Pitta v. Hotel Waldorf-Astoria Corp.*, 644 F. Supp. 844 (S.D.N.Y. 1986) .......... 8

*United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987) .......... 6

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593 (1960) .......... 6

*United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) .......... 6

*W. 63 Empire Assocs., LLC v. N.Y. Hotel & Motel Trades Council*, 2009 U.S. Dist. LEXIS 60158 (S.D.N.Y. Mar. 31, 2009) .......... 7, 9

*Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*, 737 F.2d 150 (2d Cir. 1984) .......... 11

*Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200 (2d Cir. 2002) .......... 5

Statutes

28 U.S.C. § 1961(a) .......... 11

N.Y. C.P.L.R. §§ 5001 .......... 11

Petitioner, New York Hotel and Motel Trades Council, AFL-CIO ("Union") brings this action against 45th Street Hotel LLC d/b/a Night Hotel by SB at Times Square and Soho Boutique Times Square LLC d/b/a Night Hotel by SB at Times Square ("Hotel"), jointly and severally, to confirm a labor arbitration award issued by the contractual industry arbitrator directing payment of severance pay and health fund contributions due on behalf of the Hotel's laid off employees during a pandemic. (collectively, the "Award"). The Award draws its essence from the parties' collective bargaining agreement and its expansive arbitration clause, there is no valid ground to vacate the Award, and the Hotel persists in refusing to comply with the Award. Moreover, the time for the Hotel to challenge the Award has passed. Accordingly, for the reasons set forth below, in the accompanying Declaration of Amy Bokerman (the "Bokerman Decl."), and on all papers filed in this action, the Union's Petition to confirm the Award should be granted.

## FACTS

### The Union and Relevant Contract Terms

The Union is a labor organization within the meaning of federal labor law that represents nearly 40,000 workers employed in the hotel, hospitality and gaming industries in New York State and Northern New Jersey. Bokerman Decl. ¶ 3.

Terms and conditions of employment for workers represented by the Union within the five boroughs of New York City are negotiated and governed by the Industry Wide Agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. ("Hotel Association"). Bokerman Decl, ¶ 4. Among other provisions, the IWA establishes a living wage (Art. 13 and Schedule A), comprehensive health care (Art. 33) and a secure retirement (Art. 35). Bokerman Decl. ¶ 5.

The IWA also provides for severance pay with continued health care coverage in the case

of a hotel closing as follows:

> Article 52, Severance:
>
> 52. (A) In the event of termination resulting from the closing of a hotel or a restaurant therein or a department thereof, or a concession, or from (1) the conversion of the elevators to self service elevators or (2) the conversion of telephone department equipment or (3) the conversion of hotels to cooperatives, severance pay shall be paid as a result of any of the foregoing.
>
> (B) For the purpose of calculating severance pay, the EMPLOYER shall pay over to the UNION for distribution by the UNION to the employees affected an amount equal to four (4) days of regular wages for each year of service for each affected employee provided the employee was employed for not less than six (6) months' service. Tip employees shall receive twice the amount of severance pay calculated in accordance with the above formula. Unless otherwise proven, all employees laid off within one (1) year of a permanent closing shall be presumed to have been terminated as a result of the closing and shall be therefore eligible for severance pay. In connection with the foregoing, the EMPLOYER shall issue, and send to the UNION for distribution, checks made payable to the individual employees entitled to severance pay in accordance with the foregoing formula. The EMPLOYER agrees to make all statutory tax withholdings prior to transmittal of the checks to the UNION for distribution. In addition, unless as otherwise agreed by the ASSOCIATION and the UNION, a further payment equal to monies shall be allocated among the Funds in such proportions as the ASSOCIATION and the UNION shall agree. Payment shall be computed to the nearest quarter year.

Bokerman Decl. ¶¶ 6, Ex. A, art. 52.

To resolve any and all disputes between the parties, the IWA contains the broadest possible arbitration language in Article 26(A), mandating that any and all disputes between the parties, including arbitrability, be decided exclusively by the Impartial Chairperson, a permanent industry arbitrator. Bokerman Decl. ¶ 7. The IWA Article 26(A) provides, in relevant part:

> GRIEVANCE PROCEDURE
>
> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between

{00685973-4}

> the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto. Any questions regarding arbitrability, substantive, procedural, or otherwise, or regarding the Impartial Chairperson's jurisdiction or authority, shall be submitted to the Impartial Chairperson in accordance with this Article.

Bokerman Decl. ¶ 8, Ex. A at Article 52. As a result of the very broad arbitral authority of the Office of the Impartial Chairperson ("OIC"), all disputes of any nature between the Union and industry employers have been resolved peacefully, without labor strife and with only limited litigation. Bokerman Decl. ¶ 9.

In March 2020, as a result of an unprecedented pandemic caused by the novel coronavirus ("COVID"), the then thriving New York region hospitality industry largely closed for indeterminate length. Bokerman Decl. ¶ 10. Hotel industry occupancy plummeted from 77% in February 2020 to about 34% in March 2020. Bokerman Decl. ¶ 10. Roughly 85% of workers represented by the Union were laid off, losing the steady income stream to support themselves and families, and facing imminent loss of health care coverage during a pandemic. Bokerman Decl. ¶ 10. The crisis has not abated. Bokerman Decl. ¶ 10.

**<u>Respondent Fails to Pay Prescribed Severance and Health Care During the Pandemic</u>**

45th Street Hotel LLC d/b/a Night Hotel by SB at Times Square and Soho Boutique Times Square LLC d/b/a Night Hotel by SB at Times Square (the "Hotel") are jointly an employer within the meaning of federal labor law which entered into the IWA with the Union. Bokerman Decl. ¶ 11, Ex. B. The Hotel permanently closed on or about March 19, 2020, laying off its Union represented employees. Bokerman Decl. ¶ 17. By letter to the employees, the Hotel informed them of the Hotel's decision "to temporarily cease operations" and acknowledged that it would follow "procedures and timelines in the applicable CBA for recall." To date, the Hotel has not

reopened. Bokerman Decl. ¶ 17, Ex. C. However, notwithstanding the express obligations of IWA Article 52, the Hotel has to date failed to make the requisite payments to its terminated employees or health benefit fund contributions on their behalf. Bokerman Decl. ¶ 18.

**The Union Wins OIC Award No. 2021-11 (the "Award")**

Consequently, the Union demanded arbitration of the Hotel failure before the Impartial Chairperson pursuant to Article 26 of the IWA. Bokerman Decl. ¶ 19, Ex. D.

The Union and Hotel, by respective counsel and managers, presented their respective positions by evidence and argument to Impartial Chairperson Ira Drogin at a hearing on January 29, 2021. Bokerman Decl. ¶ 20. The Impartial Chairperson rendered his Award 2021-11 dated February 1, 2021 (the "Award") in favor of the Union. Bokerman Decl. ¶ 21, Ex. E.

In the Award, Impartial Chairperson Drogin addressed the parties' arguments, noted the Union's spreadsheet calculation of amounts due, and applied the IWA Article 52 and OIC arbitral precedent to reach his decision. The IC held:

> As a result of the pandemic, the Hotel closed on or about March 19, 2020 and remains closed with no reopening date contemplated at this time. The Hotel has failed to make its Article 52(B) severance payments, despite a clear obligation to do so under the IWA and several Awards from this office, including those presented by the Union, requiring it to do so under present circumstances. The Hotel has offered no defense, other than a claimed inability to pay, for its failure to make the severance payments. As such, I also find that the 15% penalty provided for in the IWA, Article 26(l) and *Gregory Hotel*, 2020-27, is appropriate as I find this is a willful failure.

Bokerman Decl. 22, Ex. E.

Accordingly, the Award directed that the Hotel pay a total of $355,310.91, consisting of wages of $247,172.81, benefits funds contributions of $61,793.20, and a 15% contractual penalty of $46,344.90. The OIC served the Award on the Hotel on February 1, 2021. Bokerman Decl. ¶ 21, Ex. F.

To date, though duly demanded, the Hotel has failed and refused, and continues to refuse, to comply with the Award. Bokerman Decl. ¶ 24.

## ARGUMENT

## I.

## THE AWARD SHOULD BE CONFIRMED AS DRAWING ITS ESSENCE FROM THE IWA

The Award should be confirmed because the Impartial Chairperson carefully grounded his holdings and relief in the expansive provisions of the IWA as well as industry practice and awards validating the OIC's vital, longstanding authority as arbiter for New York City's hotel industry. Inasmuch as overwhelming precedent mandates confirmation and no grounds exist to vacate, the Award should be confirmed.

### A. The Award On Its Face Meet Every Standard for Confirmation

As emphasized by the Court of Appeals, "a federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." *N.Y. City & Vicinity Dist. Council of United Bhd. of Carpenters & Joiners of Am. v. Ass'n of Wall-Ceiling & Carpentry Indus. of N.Y., Inc.*, 826 F.3d 611, 618 (2d Cir. 2016). The courts' "very limited" duty "is simply to determine 'whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement.'" *Id.* "[A]s long as 'the arbitrator was *even arguably* construing or applying the contract and acting within the scope of his authority and did not ignore the plain language of the contract,' the award should ordinarily be confirmed." *Id.* (emphasis added). Indeed, courts confirm arbitration awards "if . . . able to discern any colorable justification for the arbitrator's judgment." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 212 n.8 (2d Cir. 2002).

Federal labor policy favoring arbitration necessarily extends to arbitral remedies. *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("Where it is contemplated that the arbitrator will determine remedies . . . courts have no authority to disagree with his honest judgment in that respect."); *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596-97 (1960) (judicial deference to arbitrators' expertise and judgment "is especially true when it comes to formulating remedies," requiring "flexibility in meeting a wide variety of situations. . . ."); *Neshgold LP v. New York Hotel & Motel Trades Council, AFL-CIO*, No. 13 CIV. 2399 KPF, 2013 WL 5298332, at **9, 10 (S.D.N.Y. Sept. 19, 2013) (award of liability and relief confirmed); *In re Arbitration Between Millicom Int'l V N.V. & Motorola, Inc., Proempres Panama, S.A.*, No. 01 CIV. 2668 (SHS), 2002 WL 472042, at *6 (S.D.N.Y. Mar. 28, 2002) (arbitrators enjoy broad remedial discretion).

Judicial deference to both arbitral liability findings and remedy determinations derives from the fundamental federal labor policy "promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration. . . ." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)). "Under this framework of self-government, the collective bargaining agreement is not just a contract, but 'a generalized code to govern a myriad of cases which the draftsmen cannot wholly anticipate.'" *Id.* (quoting *Warrior*, 363 U.S. at 578). The parties chose arbitrators for their "expertise in the particular business" and they bring their interpretation and judgment in applying "the 'industrial common law of the shop' to the various needs and desires of the parties," becoming "part and parcel of the ongoing process of collective bargaining." *Id.* (citing *Misco*, 484 U.S. at 38); *see also Enter. Wheel & Car Corp.*, 363 U.S. at 596 (arbitrators require "knowledge of the

custom and practices . . . of a particular industry"). In effectuating this process, arbitrators properly interpret both express and implied terms of the agreement, guided by a variety of sources, including prior industry practice and awards. *Matter of N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Ass'n of N.Y. City, Inc.*, No. 93 CIV. 2708 (SS), 1993 WL 485560 **6, 11 (S.D.N.Y. Nov. 24, 1993).

For over a quarter century, the Court of Appeals for the Second Circuit and its district courts have uniformly afforded OIC awards just such wide deference, consistent with the extraordinarily broad arbitration language of IWA Article 26, encompassing "[a]ll complaints, disputes . . . arising between the parties hereto involving . . . any acts, conduct or relations between the parties, directly or indirectly. . . ." Bokerman Decl. ¶ 8. Construing this arbitration clause, the Second Circuit has stated: "No grievance - either specific or general - is excluded from this broad coverage." *Pitta v. Hotel Ass'n of N.Y. City, Inc.*, 806 F.2d 419, 422 (2d Cir. 1986).

The district courts of this Circuit have loyally followed suit by giving OIC arbitration awards vigorous enforcement. *See, e.g., Mandarin Oriental Mgmt., (USA) Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 CIV. 3984 RMB, 2014 WL 345211 (S.D.N.Y. Jan. 31, 2014) (Judge Berman confirming award applying IWA organizing); *Neshgold*, 2013 WL 5298332 (Judge Failla confirming liability and remedy award); *W. 63 Empire Assocs., LLC v. N.Y. Hotel & Motel Trades Council*, 2009 U.S. Dist. LEXIS 60158 (S.D.N.Y. Mar. 31, 2009) (Judge Preska confirming award rejecting res judicata and manifest disregard arguments); *Hotel Ass'n of N.Y. City, Inc. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 95 CIV 9521(PKL) 1996 WL 393562 (S.D.N.Y. July 15, 1996) (Judge Leisure confirming award to fill in an IWA gap in accordance with arbitrator's perception of the parties' intent); *Matter of N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Ass'n of N.Y. City, Inc.*, No. 93 CIV. 2798 (SS), 1993 WL 485560

(S.D.N.Y. Nov. 24, 1993)(Then Judge Sotomayor confirming award applying the "wisdom" of industry practice and prior decisions); *N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel Nikko of N.Y., Inc.*, No. 91 CIV. 0755 (DNE), 1991 WL 168284 (S.D.N.Y. Aug. 22, 1991) (Judge Edelstein confirming award and holding employer bound when employer argues issues); *Pitta v. Hotel Waldorf-Astoria Corp.*, 644 F. Supp. 844, 846 (S.D.N.Y. 1986) (Judge Weinfeld confirming award "[i]n view of the broad powers granted to the Impartial Chairman. . . ."); *See also Alphonse Hotel Corp. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 03 CIV. 1992 (DC), 2004 WL 414836 (S.D.N.Y. Mar. 5, 2004) (District Judge Chin dismissing this hotel's complaint, deferring to OIC arbitration pursuant to the broadest possible IWA arbitration provisions), *aff'd*, 117 F. App'x 803 (2d Cir. 2005).

A review of the Award clearly confirms that the Chairperson well met the judicially-crafted standard for review of arbitral awards.

In the Award, Impartial Chairman Drogin cited and applied the relevant provisions of the IWA. Bokerman Decl. 22, Ex. E. The Chairman cited and relied upon prior awards of the OIC, "Award 2020-20, 2020-22, 2020-61 (*Yotel*) and 2020-75." He applied those provisions and precedent to the parties' evidence and amounts due. He closely considered the underlying circumstances of the pandemic which caused the closure, but noted "the Hotel has failed to make its Article 52(B) severance payments, despite a clear obligation to do so under the IWA and several Awards from this office, including those presented by the Union, requiring it to do so under present circumstances." Noting further that the Hotel "offered no defense," the Chairman fashioned a remedy, exactly as Supreme Court precedent encourages, to meet the exigencies of the situation.

The Impartial Chairperson's reliance on contract, party practice and industry "common law" in rendering the Award, all steadfastly supported by judicial authority, mandates affirmance

here. *N.Y. City & Vicinity Dist. Council of United Bhd. of Carpenters & Joiners of Am.*, 826 F.3d at 619 (court affirms arbitrator who applied party practice to ensure industrial stability); *W. 63 Empire Assocs.*, 2009 U.S. Dist. LEXIS 60158, at *9 (affirming award based on IWA and OIC decisions); *Matter of N.Y. Hotel & Motel Trades Council, AFL-CIO*, 1993 WL 485560 (same). As in those decisions, Chairman Drogin rooted his Award in the provisions of the IWA, and in OIC arbitral precedent on issue. The arbitrator's analysis thus, far more than arguably, applies the IWA within the scope of his authority. *N.Y. City & Vicinity Dist. Council of United Bhd. Of Carpenters & Joiners of Am.*, 826 F.3d at 618. Such construction breathes life into the parties' purpose of avoiding labor strife, and puts muscle into ensuring compliance with requirements of contract and rulings of industry arbitration, just as directed by the Court of Appeals and Supreme Court, all "part and parcel of the ongoing process of collective bargaining." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. Based on the foregoing, the Award should be confirmed directly in all respects.

**B. Having Failed to Timely Move to Vacate, The Hotel May Not Belatedly Oppose The Award Now**

The Hotel also failed to timely move to vacate the Award within the requisite ninety (90) days. Consequently, in addition to there being no grounds contrary to confirmation, the Hotel stands barred from contesting the authority, holdings or remedies of the Award on limitations grounds.

In *Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, the Second Circuit Court of Appeals expressly rejected a hotel's affirmative defense that the arbitrator even lacked jurisdiction to issue his award when raised by the hotel more than 90 days following the award. 145 F.3d 85, 87, 89 (2d Cir. 1998). The Court of Appeals rejected the employer's contention that it could attack the arbitrator's jurisdiction more than 90 days after the award in

response to the union's action to confirm, as "at loggerheads with the role of arbitration in the LMRA" and conflicting with the "underlying purposes of the arbitration mechanism." *Id.* at 89 (quoting *Florasynth, Inc. v. Pickholz,* 750 F. 2d 171, 176 (2d Cir. 1989)). Rather, the Court of Appeals squarely held that:

> grounds for vacating an arbitration award may not be raised as an affirmative defense after that period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed (in New York's case, ninety days).

*Id; See also Local Union No. 1 v. JPP Plumbing, LLC.*, 12-CV-2034 (DLI)(RLM), 2014 WL 1311934 (S.D.N.Y. Mar. 27, 2014) (answer and cross-petition to vacate barred where party moved 11 months after the award); *N.Y. City Dist. Council of Carpenters Pension Fund v. B&A Interiors, Ltd.*, No. 07 Civ. 5620 (RJS), 2009 WL 233969 (S.D.N.Y. Jan. 22, 2009) (objection to liquidated damages time barred); *Local 38, Sheet Metal Workers Int'l Ass'n v. Duct Works Inc.*, No. 03 CIV. 7500, 2006 WL 36763, at *3 (S.D.N.Y. Jan. 4, 2006) (affirmative defenses, including fraud, barred because failure to file a motion to vacate within 90 days "is fatal to cases brought to federal court under the LMRA").

The Hotel has not moved to vacate the Award. The Hotel received the Award on or about February 1, 2021. Far more than ninety (90) days ago. Bokerman Decl. Exs. F, G. Nevertheless, the Hotel did not move to vacate the Award at any time. Accordingly, under well-established precedent of this Court, the Hotel cannot challenge the Award now, even if a ground to challenge existed, and none does.

## II.

## THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST

"New York law provides for prejudgment interest running from the date of an arbitration award until the entry of final judgment." *Local 2006, Retail, Wholesale & Dep't Store Union,*

*United Food & Commercial Workers v. Basic Wear, Inc.*, No. 16 CIV. 624 (PAE), 2016 WL 7469621, at *3 (S.D.N.Y. Dec. 28, 2016) (quoting *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010)); *see also Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984) (noting a presumption in favor of pre-judgment interest). Courts in the Second Circuit grant pre-judgment interest at a rate of nine percent (9%). *Basic Wear, Inc.*, 2016 WL 7469621, at *3; *see also* N.Y. C.P.L.R. §§ 5001-04. Some courts suggest that a collective bargaining agreement must state that an arbitration award is "final and binding" for pre-judgment interest to be awarded. *See New York City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11 CIV. 7074 HB, 2012 WL 4492384, at *3 (S.D.N.Y. Sept. 28, 2012). Since IWA Article 26 recognizes that its awards are "final and binding," Petitioners should be awarded 9% pre-judgment interest. Bokerman Decl. Ex. A.

## III.

## THE COURT SHOULD AWARD POST-JUDGMENT INTEREST

Petitioners are additionally entitled to post-judgment interest on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). The Second Circuit recognized that Section 1961 renders post-judgment interest "mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also Basic Wear, Inc.*, 2016 WL 7469621, at *4 (post-judgment interest applies to actions to confirm arbitration awards). Accordingly, the Court should award post-judgment interest.

## CONCLUSION

The Award fully meets every standard for confirmation. Respondents have no basis to ignore industry contract, abandon arbitral precedent and practice, or flout this Court's consistent confirmation of OIC arbitration awards cited herein. And they are too late to do so even if they could, which they cannot. Accordingly, the Petition to confirm the Award should be granted.

The Union respectfully requests an Order be made and entered:

a. Confirming the Award of Chairperson Ira Drogin, No. 2021-11 and ordering compliance therewith, including payment of a total of $355,310.91, consisting of wages of $247,172.81, benefits funds contributions of $61,793.20, and a 15% contractual penalty of $46,344.90;

b. Granting the Union pre-judgment interest from the date of Award 2021-11, i.e. from February 1, 2021 and post-judgment interest; and

c. Granting such other equitable and further relief as this Court may deem just and proper.

Dated: New York, New York
June 15, 2021

Respectfully submitted,

PITTA LLP
*Attorneys for Petitioner-Union*

By: ______________________
Michael Bauman
(mbauman@pittalaw.com)
Barry N. Saltzman
(bsaltzman@pittalaw.com)

120 Broadway, 28th Floor
New York, New York 10271
(212) 652-3890 (phone)
(212) 652-3891 (fax)